IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FRANKLYN GOODRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-093 |
| | ) | |
| QUICKEN LOANS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court is the request of Defendants Quicken Loans Inc., and Mortgage Electronic Registration Systems, Inc., to stay pretrial deadlines, including discovery deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, pending resolution of their Motion to Dismiss. (Doc. no. 8.) The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.

> This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

The time to respond to the motion to dismiss has expired, and Plaintiff has not contended that he cannot properly oppose the motion to dismiss in the absence of discovery. Because Defendants' motion seeks to dismiss this action in its entirety, it has the potential to be case-dispositive, and the Court believes, based on its preliminary peek at the briefing, that there is a clear possibility of the motion being granted. Indeed, the argument has been made that this case is but another iteration of the claims in a case that United States District Judge J. Randal Hall dismissed with prejudice in October of 2014. (See doc. no. 4 (citing Goodridge v. Quicken Loans, Inc., CV 114-050 (S.D. Ga. Oct. 21, 2014).) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)).

Thus, the Court **GRANTS** Defendants' motion (doc. no. 8) and **STAYS** all pretrial deadlines, including discovery deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, pending resolution of the motion to dismiss. If the motion to dismiss is denied, the parties shall confer as required by Local Rule 26.1 within seven days of

Judge Hall's ruling, and within fourteen days of the ruling, they shall submit a joint Rule 26(f) report.

SO ORDERED this 17th day of July, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA