IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FRANKLYN GOODRIDGE and     \*
JUNE P. GOODRIDGE,     \*
    \*
    Plaintiffs,     \*
    \*
    v.     \*     CV 115-093
    \*
QUICKEN LOANS, INC.; GOVERNMENT     \*
NATIONAL MORTGAGE ASSOCIATION AS     \*
TRUSTEE FOR SECURITIZED TRUST     \*
GINNIE MAE REMIC TRUST 2013-131;     \*
GINNIE MAE; and MORTGAGE     \*
ELECTRONIC REGISTRATION SYSTEMS,     \*
INC.,     \*
    \*
    Defendants.     \*

**O R D E R**

This is not the Court's first interaction with the Goodridges[1] or their attempt to halt foreclosure of the property located at 3301 Thames Place, Hephzibah, Georgia 30815 ("the Property"). After dismissing all of their claims last October, the Goodridges again filed suit against Defendants seeking a preliminary and permanent injunction against a foreclosure sale scheduled for June 2, 2015, as well as a declaration that Defendants do not have authority to foreclose the Property. As before, Defendants removed this action and now move to dismiss (doc. 4), making four arguments

---

[1] Although the motion and docket are styled to include just one Plaintiff, Franklyn Goodridge, the complaint filed in the Superior Court of Richmond County, which was removed to this Court, includes June P. Goodridge as well. Therefore, the Court construes the case as pertaining to both Franklyn and June Goodridge.

in support: (1) Plaintiffs failed to properly effect service; (2) Plaintiffs' complaint is an impermissible shotgun pleading; (3) Plaintiffs' claims are barred by res judicata and collateral estoppel; and (4) Plaintiffs fail to state a claim upon which relief can be granted. The Court adds a fifth: Plaintiffs have failed to respond to the pending motion, and under Local Rule 7.5 "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." LR 7.5, SDGa. Given Plaintiffs' *pro se* status, however, the Court is reluctant to dismiss their claims on this basis alone and instead undertakes a review of the merits of Defendants' motion, specifically addressing whether an injunction is appropriate and if res judicata bars Plaintiffs' claim for declaratory relief.

**A.    Preliminary and Permanent Injunction**

A district court may grant a preliminary injunction only upon the movant's showing that: (1) it has a substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party; and (4) if issued, the injunction would not disserve the public interest. CBS Broadcasting, Inc. v. EchoStar Commc'ns Corp., 265 F.3d 1193, 1200 (11th Cir. 2011). "It is well-established in the Eleventh Circuit that a preliminary injunction is an extraordinary and drastic remedy not to be granted

2

unless the movant clearly established the burden of persuasion as to all four elements." Id. (citations and quotations omitted).

Equitable relief is not warranted for two reasons. As alluded to above and as will be discussed in greater detail below, Plaintiffs' claims are not unique. Indeed, this Court rejected identical claims by these parties on October 21, 2014. Therefore, with the benefit of hindsight, Plaintiffs do not have a likelihood of success on the merits given that they have already failed on the merits with identical claims. Second, Defendants represent and Plaintiffs do not contest that the foreclosure sale scheduled for June 2, 2015 was executed. (Doc. 4-1 at 5.) Therefore, Plaintiffs cannot show that the injunction would prevent irreparable harm. See Boross v. Liberty Life Ins. Co., No. 4:10-cv-144, 2011 WL 3102524, at *5 (S.D. Ga. Sept. 14, 2011) (finding the plaintiff's claim for an injunction moot after the foreclosure sale occurred).

**B. Res Judicata**

The doctrine of res judicata bars Plaintiffs' claim for declaratory judgment. "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "[A] claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same

cause of action is involved in both cases." Id. Further, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Id. at 1239 (internal quotations omitted). This doctrine similarly "bars the filing of claims which were raised or could have been raised in an earlier proceeding." Id. at 1238.

From the record, it is clear that the first three requirements are met. First, there was a final judgment on the merits in the Goodridges' first lawsuit. The Court granted the defendants motion to dismiss and dismissed all claims with prejudice. (See Goodridge v. Quicken Loans, Inc., et al., No. 1:14-cv-150, Doc. 24.) Second, this Court properly exercised jurisdiction in the Goodridges' first case. And third, the parties are identical in both cases.[2]

Turning to the fourth element, the same cause of action is involved in both cases. Although Plaintiffs styled the complaint differently — as one seeking a preliminary and permanent injunction, as well as for a declaration that Defendants do not have authority to foreclose — the substance of the allegations is

---

[2] As noted above, the docket and Defendants' motion to dismiss list only Franklyn Goodridge as a plaintiff. However, the complaint is styled to include June Goodridge as well. Even if it did not, the absence of a party to the original action does not alter the Court's finding that the parties are identical.
  Moreover, Plaintiffs' complaint contains a number of allegations against Shapiro, Swertfeger & Hasty, LLP ("Shapiro") pertaining to the June 2, 2015 foreclosure sale. Plaintiffs contend that Shapiro, acting on behalf of Quicken Loans, Inc., filed fraudulent documents and violated the Fair Debt Collection Practices Act. Plaintiffs have not, either in the caption of their complaint or in the "Parties" section, named Shapiro as a defendant. Therefore, the Court finds any factual allegations pertaining to it irrelevant to the present action.

the same. Plaintiffs allege that the "note and deed securing the note were not transferred and/or assigned pursuant to Plaintiffs' loan's PSA and/or Georgia law, that Quicken is not the secured creditor, that defendants violated Federal TILA and RESPA laws, as well as committed fraud in the inducement and concealment of the initiation of the loan." (Doc 1, Ex. A at 20.) Therefore, the claims on which Plaintiffs believe they are likely to succeed are (1) improper transfer and securitization; (2) violation of TILA; (3) violation of RESPA; (4) fraud in the inducement; and (5) fraud in the concealment. On that basis, Plaintiffs seek a "declaration by the court that sale of the property to enforce the Mortgage/Deed of Trust/mortgage is improper in that Plaintiffs has [sic] raised a claim that the defendant's [sic] do not have right or authority to foreclose on the subject property[.]" (Id. at 17.)

A review of Plaintiffs' previously dismissed complaint reveals the identity of the issues. Plaintiffs alleged, *inter alia*, lack of standing to foreclose; fraud in the concealment; fraud in the inducement; declaratory relief; violations of TILA; and violations of RESPA. They also sought declaratory judgment that the defendants did not have a claim against the Property and that they were entitled to exclusive possession of the Property. The Court similarly denied a request for a preliminary injunction at that time, finding that the Goodridges could not establish a substantial likelihood of success on the merits. On these facts, the Court finds (1) the causes of action to be the same; (2) the relief

sought to be the same; and (3) the two cases are based on the same factual predicate.³

Having concluded that (1) Plaintiffs are not likely to succeed on the merits; (2) the Court is unable fashion the relief sought following the execution of the foreclosure sale; and (3) res judicata bars all of Plaintiffs' claims, Defendants' Motion to Dismiss (Doc. 4) is hereby **GRANTED**. Plaintiffs' claims against Defendants are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of July, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

³ Plaintiffs also provide a number of factual allegations relating to (1) Quicken's refusal to cooperate with them in the prior litigation, specifically the Rule 26 conference, and (2) their belief that Shapiro and another law firm violated the Rules of Professional Conduct. The relief Plaintiffs seek, however, is related solely to the then-pending foreclosure. Plaintiffs base the entirety of their argument on the alleged defects in the securitization process and present no argument related to these other factual allegations. (See Doc. 1 at 16.) Therefore, the Court does not consider them in its analysis.

6